```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
380544 Canada, Inc., Wayne Sim, and        :
Salvatore Clave                            :
                    Plaintiffs,            :
                                           :
               v.                          :    OPINION & ORDER
                                           :    07 Civ. 1204(JFK)
                                           :
Aspen Technology, Inc., Lawrence Evans,    :
David McQullin, and Lisa Zappala,          :
                                           :
                    Defendants.            :
------------------------------------------X
```

**JOHN F. KEENAN**, United States District Judge:

## BACKGROUND

This securities action relates to alleged fraudulent misstatements made by the defendants regarding the revenues of Defendant Aspen Technologies ("Aspen"). Plaintiffs 380544 Canada, Inc., Wayne Sim, and Salvatore Clave (collectively, the "Plaintiffs") claim that, as a result of the defendants' false portrayal of Aspen's financial health in both public statements and private correspondence with the plaintiffs, Plaintiffs were induced to enter into a Securities Purchase Agreement, under which they bought approximately $6.6 million of Aspen's stock. When the defendants' fraud was exposed, Aspen's stock price plummeted, resulting in Plaintiffs' financial losses. The individual defendants Evans, McQuillin, and Zappala (collectively, the "Individual Defendants") are former executives of Aspen.

1

This action commenced on February 15, 2007. One month earlier, in January 2007, the Securities Exchange Commission ("SEC") brought a civil enforcement suit for securities fraud against the Individual Defendants, in the District of Massachusetts. The SEC's suit remains pending. Also in January 2007, the Office of the United States Attorney for the Southern District of New York ("USAO") filed criminal securities fraud charges against Defendant McQuillin. McQuillin pleaded guilty to the charges in March 2007.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), discovery in this action was stayed by the filing of the Individual Defendants' pre-answer motions to dismiss Plaintiffs' Complaint. Plaintiffs have moved to lift the stay to obtain particularized discovery of "documents previously produced by [the defendants] to regulators including" the SEC and the USAO. (Plaintiffs' Letter of May 25, 2007 ("Pl. Mem.") at 1.) At the Court's direction, the parties submitted contemporaneous letters setting forth their respective positions. For the following reasons, Plaintiffs' motion is denied.

## DISCUSSION

The PSLRA states in relevant part that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C.

2

§ 78u-4(b)(3)(B). The evidence preservation exception is not applicable here. Thus, the question before the Court is whether Plaintiffs will suffer "undue prejudice" if discovery is stayed until the outcome of the Individual Defendants' motions to dismiss.

"Our Court of Appeals has not provided guidance on what constitutes 'undue prejudice' in the context of a PSLRA discovery stay." In re Refco, Inc. Sec. Litig., No. 05 Civ. 8626 (GEL), 2006 U.S. Dist. LEXIS 55639, at *3 (S.D.N.Y. Aug. 8, 2006). The Southern District has defined "'[u]ndue prejudice' in the context of a discovery stay [to] mean[] improper or unfair treatment amounting to something less than irreparable harm." In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 42646, at *6 (S.D.N.Y. June 26, 2006) (citations omitted).

Plaintiffs advance two arguments for lifting the stay. First, Plaintiffs argue that the stay should be lifted because to do so would not frustrate the goals of the PSLRA and would impose only a de minimis burden on the defendants. Second, Plaintiffs contend that lifting the stay is necessary to prevent undue prejudice to the plaintiffs. Neither argument has merit.

Plaintiffs correctly observe that Congress' two-fold purpose in enacting the PSLRA's stay provision was "to prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement,"

3

and "to prevent plaintiffs from filing securities fraud lawsuits as a vehicle in order to conduct discovery in the hopes of finding a sustainable claims not alleged in the complaint." In re LaBranche Sec. Litig., 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004) (internal quotation marks and citations omitted).  Here, Plaintiffs argue, neither goal would be frustrated by the lifting of the stay, because "Plaintiffs are not on a 'fishing expedition' to locate sustainable claims or to coerce Defendants to settle." (Pl. Mem. at 2.)  Plaintiffs also point out that, because discovery is limited to documents that already have been produced to the SEC and USAO, the burden of production on the defendants is minimal.  Plaintiffs conclude that, where the "goals of the PSLRA are not frustrated and the discovery request is limited to documents already produced to regulators, Courts generally allow the discovery." (Id.)

Although courts have considered the goals of the PSLRA and the burden of production on defendants in determining whether to lift stays of discovery, the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay and the documents at issue already have been provided to the SEC and USAO is not sufficient to warrant lifting the stay.  According to express statutory language, the PSLRA's discovery stay may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice. See 15 U.S.C. § 78u-4(b)(3)(B).  Counter to Plaintiffs' contention, even where

the goals of the PSLRA are not frustrated and a plaintiff's discovery request is limited to documents already produced to government regulators, courts have refused to lift the discovery stay if the narrow statutory exceptions of evidence preservation or undue prejudice have not been met. See, e.g., In re Vivendi Universal S.A. Sec. Litig., 381 F. Supp. 2d 129, 129 (S.D.N.Y. 2003) (denying motion to lift PSLRA stay where documents at issue were "already produced by defendants to the United States Department of Justice, Securities and Exchange Commission," and other regulatory agencies "in connection with civil and criminal investigations for misconduct by defendants"); Rampersad v. Deutsche Bank Sec. Inc., 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) (denying motion to lift the PSLRA stay with respect to documents provided to the government and rejecting plaintiffs' contention that "the PSLRA stay of discovery does not apply when the information sought has already been provided to a government agency"); In re AOL Time Warner Sec. & "ERISA" Litig., No. 02 Civ. 5575 (SWK), 2003 U.S. Dist. LEXIS 12846, at *6 (S.D.N.Y. July 21, 2003) (denying lift of stay after finding that "Lead Plaintiff has not demonstrated that exceptional circumstances are present in this case requiring production of documents previously produced to various government agencies"). The one case from this Circuit cited by Plaintiff to support its contention that courts "generally" allow discovery to proceed where the PSLRA's goals are not frustrated and documents have already been provided

5

to governmental authorities, In re Branche, 333 F. Supp. 2d at 178, does not carve out an additional exception to the PSLRA discovery stay requirement.  In Branche, the court lifted the stay only after first determining that the plaintiffs would be unduly prejudiced from not having access to discovery, where the defendants had already settled with regulatory authorities and plaintiffs were in danger of being the only interested party without access to the documents at issue. 333 F. Supp. 2d at 183. Although the court noted that the PSLRA's goals would not be frustrated by a lifting of the stay and that the burden of production on the defendants would be minimal, the court lifted the stay only after finding that the plaintiffs would suffer undue prejudice. Id.

In this case, the stay of discovery will not result in undue prejudice to Plaintiffs.  Plaintiffs insist that lifting the stay is necessary to prevent undue prejudice because discovery already has been produced to the USAO, in connection with its prosecution of McQuillin, and to the SEC, in connection with its pending suit against the Individual Defendants. Therefore, Plaintiffs contend, they "are at a disadvantage because they are the only interested party to whom the PSLRA applies." (Pl. Mem. at 3.)  The discovery at issue, Plaintiffs assert, "will help [them] evaluate the strength of their case, as well as their settlement prospects." (Pl. Mem. at 3.)  Plaintiffs cite In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d

6

301(S.D.N.Y. 2002), for the proposition that the discovery stay is unduly prejudicial because it would cause Plaintiffs to be unable "to make informed decisions about [their] litigation strategy in a rapidly shifting landscape.'" (Pl. Mem. at 2, quoting In re WorldCom, 234 F. Supp. 2d at 305) (alterations in Pl. Mem.). Plaintiffs assert that the "concerns raised by the WorldCom court are present here." (Pl. Mem. at 3.)

Plaintiffs' reliance on WorldCom is misplaced. In that case, Judge Cote lifted the PSLRA discovery stay because of undue prejudice arising from the "unique circumstances" of that case. In re WorldCom, 234 F. Supp. 2d at 305. Specifically, in WorldCom, the PSLRA plaintiffs had been ordered by the court to participate with the insolvent defendant in coordinated settlement discussions, along with plaintiffs in a related ERISA litigation. The ERISA plaintiffs, unhampered by the requirements of the PSLRA, were in the process of obtaining discovery. The court found that without access to the documents available to the ERISA plaintiffs, the PSLRA plaintiffs would have been at a disadvantage in competing with the ERISA litigants for the limited pool of the bankrupt defendants' assets. Id. at 306. Because the PSLRA plaintiffs were competing with the ERISA plaintiffs to recover from an insolvent defendant, the court observed that imposing a stay of discovery would result in the "very real risk" that the WorldCom plaintiffs would "be left to pursue its action against defendants who no longer have anything

7

or at least as much to offer." Id.

The "unique circumstances" that were present in WorldCom do not exist here. The plaintiffs in this case are not poised to participate in Court-ordered settlement discussions alongside non-PSLRA plaintiffs. Plaintiffs have not claimed that settlement discussions, between the defendants and Plaintiffs or between the defendants and non-PSLRA plaintiffs, are underway or even imminent. "Mere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the stay is necessary . . . to prevent undue prejudice that would otherwise result." In re Refco, 2006 U.S. Dist. LEXIS 55639, at *10 (internal quotation marks and citation omitted); see also In re AOL Time Warner, 2003 U.S. Dist. LEXIS 12846, at *6 (refusing to lift stay, despite plaintiffs' assertion that "settlement discussions between various Defendants and the government are currently on-going," because plaintiffs' assertion, "in contrast to In re Worldcom. . . where court-ordered settlement discussions had been scheduled and defendant had filed for bankruptcy,. . . [is] premature"). Thus, the mere possibility that Plaintiffs could be prejudiced if settlement talks ensue in the future between the Individual Defendants and the SEC is not enough for the Court to find that Plaintiffs will suffer undue prejudice as a result of the discovery stay.

In addition, in this case, unlike WorldCom, there is no indication that the discovery stay will hinder Plaintiffs from

competing with non-PSLRA plaintiffs for the limited assets of insolvent defendants. Plaintiffs have not claimed that the corporate defendant, Aspen, or the Individual Defendants are on the verge of insolvency. See In re Smith Barney, 2006 U.S. Dist. LEXIS 42646, at *6 (finding that exceptional circumstances necessary to lift the PSLRA stay did not exist, in part because "Plaintiffs offer no evidence that Defendants lack the resources needed to reach a settlement or to satisfy a judgment"). Moreover, the pending actions by the SEC and USAO pose no threat to Plaintiffs' potential to recover from Aspen, simply because the actions brought by the SEC and the USAO involve only the Individual Defendants. Thus, the exceptional circumstance that arises when a PSLRA plaintiff must seek recovery from a bankrupt defendant is not present in this case. See In re Vivendi, 381 F. Supp. 2d at 130-131 (refusing to lift stay after finding " no evidence that plaintiffs face the same prospect, as in Worldcom . . . that they would be left without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition").

Here, the mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice. See In re Refco, Inc. Sec. Litig., 2006 U.S. Dist. LEXIS 55639, at *6. This is because the delay that Plaintiffs will experience "'is an

9

inherent part of every stay of discovery required by the PSLRA.'"
In re Smith Barney, 2006 U.S. Dist. LEXIS 42646, at *5 (quoting
In re Initial Pub. Offering Litig., 236 F. Supp. 2d 286, 287
(S.D.N.Y. 2002)).

Similarly, the fact that the SEC and USAO, as parties not bound by the PSLRA, now have access to the documents that Plaintiffs will not be able to obtain until the pending motions to dismiss are decided does not rise to the level of undue prejudice.  As noted above, the mere fact that the discovery at issue has been provided to non-PSLRA governmental plaintiffs does not alone constitute undue prejudice within the meaning of the

PSLRA's stay provision. See In re Vivendi Universal S.A. Sec. Litig., 381 F. Supp. 2d at 129. As Judge Lynch explained in In re Refco,

> Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered. Under the PSLRA, discovery in this action has been stayed. That stay does not apply to government investigations, bankruptcy proceedings, internal investigations, or non-PSLRA actions. The discrepancy between PSLRA actions and other actions is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions. This Court may not second-guess that judgment.

2006 U.S. Dist. LEXIS 55639, at *6-7.

Here, too, the Court refuses to second-guess Congress. The mere fact that the SEC and USAO have access to the documents that Plaintiffs seek to obtain does not constitute undue prejudice within the meaning of the PSLRA.

## CONCLUSION

Because Plaintiffs have failed to show that the stay of discovery in this case will cause them to suffer undue prejudice, Plaintiffs' motion to lift the stay is DENIED. Discovery will remain stayed as to all parties, pursuant to the PSLRA, until the Individual Defendants' motions to dismiss are decided.

SO ORDERED.
Dated:  New York, New York
        July 17, 2007

                                    JOHN F. KEENAN
                                    United States District Judge

10